FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY 20 P 1:28
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO.: CR513-006

DERECK JEROME BROWN,
  a/k/a Detrick Brown,
  a/k/a Black

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Dereck Brown ("Brown") has been charged with: possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(a)(1)(A); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Brown filed a Motion to Suppress, to which the Government responded. The undersigned conducted an evidentiary hearing on April 25, 2013, at which Sergeant Austin Nipper with the Waycross Police Department testified.[1] Based on the following, Brown's Motion should be **DENIED**.

### DISCUSSION AND CITATION TO AUTHORITY

Brown asserts that Nipper's affidavit in support of his application for search warrant lacks critical information about the veracity, motivation, and criminal

---

[1] The entire evidentiary hearing lasted less than twenty (20) minutes, and the transcript from the hearing is only ten (10) substantive pages in length. (Doc. Nos. 24, 26). Given the arguments raised by Brown's Motion, most of the undersigned's discussion and analysis will focus on the contents of Nipper's affidavit and application in support of his motion for a search warrant.

background of the "confidential and reliable source" of Sergeant Nipper's information and the age of that information. Brown contends that, because of these deficiencies, the search warrant is not based on probable cause. Brown also contends that the good-faith exception does not validate the warrant.

The Government responds that Sergeant Nipper adequately established his source's reliability and basis of knowledge in his affidavit. The Government contends that Sergeant Nipper's independent corroboration of the source's information, standing alone, would have sufficed to establish probable cause. Specifically, the Government avers that Sergeant Nipper established that the source was a person known to him for about a year, during which time the source provided information that led to the arrests of two (2) people for drug offenses and the recovery of a large amount of illegal drugs. The Government also avers that the source admitted purchasing crack cocaine from an individual known as "Black" at the residence in question on at least ten (10) occasions in the previous year. The Government alleges that the source gave a great deal of detail regarding "Black's" physical appearance, residence, and the nature of his ongoing criminal activities. The Government asserts that the source met with officers on a face-to-face basis to give information and to arrange controlled purchases, which allowed officers to observe the source's demeanor and to assess his or her credibility. The Government contends that the information contained in the affidavit was not stale, as the source described "Black's" ongoing illegal activities. In addition, the Government contends that Sergeant Nipper arranged for the source to conduct two (2) controlled buys of crack cocaine in October 2012 at the residence at issue. The Government maintains that Sergeant Nipper described the controlled purchases as having occurred

AO 72A
(Rev. 8/82)

"within 72 hours" of October 9 and 10, 2012, respectively, and he applied for the search warrant on October 12, 2012. (Doc. No. 18, p. 8). Finally, the Government asserts that, based on the information contained in the affidavit, even if deficient in some way, it would not be unreasonable for officers to believe the information supported a finding of probable cause.

I.   **Probable Cause**

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grubbs, 547 U.S. 90, 95 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "Probable cause to search a residence requires some nexus between the premises and the alleged crime." United States v. Joseph, 709 F.3d 1082, 1100 (11th Cir. 2013) (internal citation omitted). "Probable cause is a fluid concept— turning on the assessment of probabilities in particular factual contexts" and is based on the "totality of the circumstances test." Id. (internal citations and punctuation omitted). Under this test, "the [informant's] 'veracity' and 'basis of knowledge'. . . [are] relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other." Id. at 1352-53 (quoting Gates, 462 U.S. at 233). A deficiency in one of these considerations may also be compensated for through

3

"corroborating evidence gathered by law enforcement officials," United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995), although "independent police corroboration has never been treated as a requirement in each and every case." United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).

The following facts are based on the undersigned's review of the Affidavit and Application for Search Warrant. During September and October 2012, Sergeant Nipper and other detectives with the Waycross Police Department began receiving information that a black male living at 822 Arnold McKinney Drive in Waycross, Georgia, was selling illegal drugs (cocaine in particular) from his residence. Sergeant Nipper stated that this information came from concerned citizens who wished to remain anonymous and other law enforcement officers. (Doc. No. 15, p. 7). Sergeant Nipper and Detective Weiss met with "confidential and reliable source # 589" ("source") in October 2012, and the source told these police officers that a black male known as Detrick Brown a/k/a "Black" was living in a single wide mobile home located at 822 Arnold McKinney Drive. The source gave a physical description of the black male. The source informed Sergeant Nipper that he had bought crack cocaine on more than ten (10) occasions over the course of the year from Detrick Brown a/k/a "Black". The source also informed Sergeant Nipper that he would help Waycross Police Department officers by making controlled purchases of crack cocaine from "Black" at 822 Arnold McKinney Drive. Sergeant Nipper stated that he had known his source for about one (1) year, and the source had provided information to Sergeant Nipper and other detectives which lead to the arrests of two (2) other people charged with violations of

AO 72A
(Rev. 8/82)

the Georgia Controlled Substances Act and the recovery of large amounts of illegal drugs. (Id.).

Sergeant Nipper declared that he conducted an independent investigation via the Police Department's computer files, and he found several entries in the files showing a person named "Detrick Brown" and a person named "Dereck Brown", both of whom had the same date of birth and social security number. Sergeant Nipper also declared that another officer had responded to a call to 822 Arnold McKinney Drive in April 2012, and the homeowner said his name was Dereck Brown. A criminal history check revealed that Dereck Brown also went by Detrick Brown, had the nickname "Black", and that he had been charged with possession of crack cocaine and the sale of cocaine in the past. Sergeant Nipper noted that he showed Dereck Brown's driver's license picture to his source, and the source identified the picture as being of Detrick Brown a/k/a "Black".

The undersigned's review of Sergeant Nipper's affidavit in support of his application for a search warrant reveals that there was probable cause to believe that Dereck Brown a/k/a Detrick Brown a/k/a "Black" was selling crack cocaine out of his residence located at 822 Arnold McKinney Drive in Waycross, Georgia. Sergeant Nipper had information from "concerned citizens" and other police officers that Detrick Brown a/k/a "Black" was selling drugs out of his residence.[2] In addition, Sergeant Nipper's confidential source admitted that he had bought crack cocaine at least ten (10) times over the past year. United States v. Alvarez, No. 4:12-cr-96, 2012 WL 5931785, at *3 (E.D. Tex. Nov. 6, 2012) (citing United States v. Ashley, 569 F.2d 975, 982 (5th

---

[2] Brown's name on the indictment and as listed on the docket of this case is "Dereck Jerome Brown also known as Detrick Brown also known as Black". (Doc. No. 1).

AO 72A
(Rev. 8/82)

Cir. 1978), for the proposition that a statement against penal interest, while not determinative of probable cause, weighs in favor of the trustworthiness of the information provided). The source offered to make controlled purchases of crack cocaine from Brown at his residence and did so twice. <u>United States v. Roundtree</u>, 299 F. App'x 905, 907 (11th Cir. 2008) (a properly executed controlled buy is sufficient, standing alone, to establish probable cause).[3] Sergeant Nipper stated that he had known the source for about a year, and the source had provided information in the past which led to arrests. <u>United States v. Williams</u>, 603 F.2d 1168, 1171 (5th Cir. 1979) (an informant's past reliability can establish the informant's reliability in a current investigation). The undersigned concludes that the source's information and the reliability thereof are enough to establish probable cause supporting the issuance of a search warrant. Even if this information were not sufficient to establish probable cause to search the residence at 822 Arnold McKinney Drive, Sergeant Nipper was able to conduct his own research in an effort to identify Brown, his residence, and his criminal history. <u>Ortega v. Christian</u>, 85 F.3d 1521, 1525 (11th Cir. 1996) (corroboration through independent police work adds significant value to a probable cause analysis). The informant's reliability and the independent corroboration by law enforcement are sufficient indicia of probable cause for a search warrant.

II. **Whether Information Contained in the Affidavit was "Stale"**

In determining the issue of "staleness" within the context of probable cause, "the information supporting the . . . application for a warrant must show that probable cause exists at the time the warrant issues." <u>United States v. Lopez</u>, 649 F.3d 1222,

---

[3] Brown's counsel does not contest the execution of the controlled buys. The undersigned accepts that these buys were properly executed based on Sergeant Nipper's affidavit and the Government's representations.

6

1246 (11th Cir. 2011). However, "[t]here is no particular rule or time limit for when information becomes stale." United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). "Rather, staleness is an issue which must be decided on the peculiar facts of each case." Id. (internal citation and punctuation omitted). In making such an analysis, "[i]n addition to the length of time, courts should consider the 'nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched.'" Id. (quoting United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994)). In its consideration of the nature of the crime, the Eleventh Circuit "has distinguished between criminal activity which is protracted and continuous and that which is isolated[.]" Id. If an affidavit details "activity indicating protracted or continuous conduct, time is of less significance." Id. (internal citation and punctuation omitted). Drug activities are those that the Eleventh Circuit Court of Appeals has noted to "be inherently protracted and continuous." United States v. Magluta, 198 F.3d 1265, 1272 (11th Cir. 1999).

The information contained in Sergeant Nipper's affidavit reveals that his source, who had provided reliable information in the past, admitted to having bought crack cocaine from "Black" at least ten (10) times within the year. In addition, Sergeant Nipper had the source conduct two (2) controlled buys within 72 hours of October 9 and 10, 2012, at 822 Arnold McKinney Drive.[4] Sergeant Nipper applied for the search warrant on October 12, 2012, and received the signed warrant the same day. (Doc. No. 15, pp. 9-14). Sergeant Nipper had information that Brown allegedly sold crack cocaine to his source on several occasions over the course of a year, which shows a

---

[4] The Government surmises that Sergeant Nipper stated in his affidavit that these controlled buys took place within 72 hours of October 9 and 10, 2012, in an effort to protect the identity of the source.

7

pattern of continuous criminal activity. Moreover, the controlled buys occurred "within 72 hours" of October 9 and 10, 2012, which could have meant these buys occurred five and six days prior to the application for a search warrant, or as few as two and three days before the application, i.e., that the buys occurred on those actual dates. The information contained in the search warrant application was not stale at the time the search warrant was issued.

The undersigned need not address Brown's assertion that the good-faith exception does not validate the warrant. (Doc. No. 15, p. 4). As noted above, Sergeant Nipper's affidavit in support of his application for a search warrant has sufficient bases for a finding of probable cause.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)