FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:10 am, Oct 22, 2020

# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 513-006 |
| DERECK JEROME BROWN, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Dereck Brown's motion for sentence reduction pursuant to the First Step Act. Dkt. No. 107. For the reasons below, Brown's motion is **DISMISSED**.

### BACKGROUND

In July 2013, Brown pleaded guilty to possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Based on Brown's status as a career offender, the PSR reflected an advisory guidelines range of 210 to 262 months' imprisonment. On March 18, 2014, the Court sentenced Brown to a low-end guidelines sentence of 210 months' imprisonment. Brown directly appealed, and the Eleventh Circuit Court of Appeals denied Brown's challenge to his 18 U.S.C. § 924(e) enhancement and affirmed his conviction and sentence. Dkt. Nos. 71, 89. Brown later challenged his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming that he was no longer an armed career criminal

based on <u>Johnson v. United States</u>, 576 U.S. 591 (2015). Dkt. No. 92. The Court denied his motion. Dkt. Nos. 88, 102. According to the BOP website, Brown is being housed at FCI Coleman Low in Sumterville, Florida and has a release date of April 15, 2028.

Brown now moves the Court to reduce his sentence, citing the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Brown essentially argues that his sentence was too harsh and analyzes the sentencing factors outlined in 18 U.S.C. § 3553(a). Brown also notes his efforts at rehabilitation since his incarceration.

In its response, the Government interprets Brown's motion, in part, as moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A). While Brown submitted a reduction-in-sentence request to the BOP, he does not attach a copy of it with his motion. He does, however, include a copy of the BOP's denial, wherein the BOP instructs Brown: "In the event you are dissatisfied with this response, you may appeal through the Administrative Remedy process at the institution level." Dkt. No. 107-1 at 4-5. Brown does not aver that he followed through with the appeal process. Thus, it is impossible for the Court to determine whether Brown exhausted his administrative remedies.

More importantly, Brown's motion does not set forth "extraordinary and compelling reasons" for compassionate release as outlined in the Sentencing Guidelines policy statement § 1B1.13.

2

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Brown has thus not shown he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

Alternatively, the Government argues that Brown is not seeking compassionate release at all, but rather trying to once again collaterally attack his conviction. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). The Court agrees. Through his motion, Brown is attempting to circumvent having to obtain authorization from the Eleventh Circuit to file a successive § 2255 petition. Section 2255(h) requires that prisoners wishing to file a successive petition to collaterally challenge their conviction must first obtain permission from the Court of Appeals. Brown has not done so. The Court thus lacks jurisdiction to consider Brown's motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, Brown's motion, dkt. no. 107, is **DISMISSED**.

**SO ORDERED**, this __21__ day of October, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA