# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞 𝔚𝔞𝔶𝔠𝔯𝔬𝔰𝔰 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

UNITED STATES OF AMERICA,

v.

DERECK JEROME BROWN,

    Defendant.

CR 513-006

**ORDER**

Before the Court is Defendant Dereck Brown's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. Dkt. No. 111. For the reasons below, Brown's motion is **DENIED**.

**BACKGROUND**

In July 2013, Brown pleaded guilty to possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Based on Brown's status as a career offender, the presentence investigation report reflected an advisory guidelines range of 210 to 262 months' imprisonment. On March 18, 2014, the Court sentenced Brown to 210 months' imprisonment. Brown directly appealed, and the Eleventh Circuit Court of Appeals denied Brown's challenge to his 18 U.S.C. § 924(e) enhancement and affirmed his conviction and sentence. Dkt. Nos. 71, 89. In May 2016, Brown challenged his conviction and sentence pursuant to 28 U.S.C.

§ 2255, claiming that he was no longer an armed career criminal based on Johnson v. United States, 576 U.S. 591 (2015). Dkt. No. 92. The Court denied his motion. Dkt. Nos. 88, 102. In September 2020, Brown filed his first § 3582(c)(1)(A) motion for sentence reduction. Dkt. No. 107. The Court dismissed Brown's motion for, inter alia, failing to "set forth 'extraordinary and compelling reasons' for compassionate release." Dkt. No. 109 at 2-3. The Court also found that Brown was actually "trying to once against collaterally attack his conviction." Id. at 3. According to the Bureau of Prisons website, Brown is being housed at USP Atlanta in Atlanta, Georgia and has a release date of May 26, 2027.

Brown once again moves the Court to reduce his sentence, citing § 3582(c)(1)(A) and the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Brown argues that he is no longer considered an armed career criminal and, as a result, should receive a reduced sentence to time served or home confinement. Dkt. No. 111 at 1, 3. Brown also notes his efforts at rehabilitation since his incarceration. Id. at 15.

A district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 [including that the defendant is not a danger to another person or the community]; and third, that § 3553(a) factors weigh in favor

2

of compassionate release." United States v. Giron, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). Brown fails at the first condition.

"In considering a motion for compassionate release under the First Step Act, the district court must find that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Noesi, No. 20-12827 (11th Cir. Aug. 25, 2021). "The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13[.]" "[Section] 1B1.13 lists four extraordinary and compelling reasons that can warrant release: the medical condition of the defendant; the age of the defendant; family circumstances; and other reasons as determined by the Federal Bureau of Prisons." Id. (citing § 1B1.13 cmt. n.1; United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that courts do not have discretion to develop "other reasons" that might justify a reduction in a defendant's sentence)).

Brown seeks early release based on his challenge to his armed-career-criminal designation and his post-conviction rehabilitation. See Dkt. No. 111. First, career-offender status, even if erroneous, is not an extraordinary and compelling reason warranting compassionate release. Noesi, No. 20-12827 (noting that "erroneous career offender status" is "not included in § 1B1.13's list of extraordinary and compelling reasons" and

3

"therefore fall[s] outside the scope of the district court's review of [defendant's] sentence under the First Step Act" (citing 18 U.S.C. § 3582(c)(1)(B); Bryant, 996 F.3d at 1248)). Finally, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Brown has thus not shown he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A). His motion is therefore **DENIED**.[1]

Alternatively, Brown is not seeking compassionate release at all but rather trying to once again collaterally attack his conviction. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). His remedy, therefore, is to file a motion to vacate pursuant to 28 U.S.C. § 2255.

**SO ORDERED**, this 26 day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds . . . that no extraordinary and compelling reason exists[.]" Giron, 15 F.4th at 1347.

4